The MONYUKA. See Case No. 1,175.

## Case No. 9,741.
### MOODIE v. The AMITY.
[Bee. 89.] [1]
District Court, D. South Carolina. 1796.

ADMIRALTY — PRIZE CAPTURE — SALE BY CAPTOR ON LAND.

Sale on land in the ports of the United States cannot be prevented by their courts of admiralty, in cases of lawful capture on the high seas, by French privateers duly commissioned.

[This was a libel by Benjamin Moodie, British consul, against the ship Amity and Isaac Hammond.]

BEE, District Judge. This case is one of a new impression. The libel admits the capture of the Amity on the high seas, by a vessel under the flag of the French republic. There is no allegation that this vessel has been fitted, or her force increased within the United States, contrary to the laws of neutrality. It is not alleged that the prize was captured within the jurisdictional limits of the United States. Upon these grounds alone has this court assumed jurisdiction, in cases of capture by French privateers, where the prizes have been brought infra praesidia of this country. In all other cases the 17th article of the treaty with France is conclusive upon the subject of their prizes brought into our ports; and the point has been fully settled by several appeals to the supreme court of this country. The only allegation in the libel, on which to found a claim for the interference of the court, is a sale of the prize on land, as being contrary to the 24th article of the treaty with Great Britain. In support of this it is contended that by the 9th section of the judiciary act [1 Stat. 76], this court has jurisdiction in all cases arising on the high seas, of admiralty and maritime jurisdiction. That the original capture having been on the high seas, the court has cognizance of the original question, and, therefore of all its consequences; of which this intended sale is one. That the third article of the constitution of the United States extends the judicial power to all cases arising under treaties made, or to be made. This court has cognizance of all such points of admiralty and maritime nature, provided they may be judged of by any court of the United States.

[1] [Reported by Hon. Thomas Bee, District Judge.]

But the treaty with France excludes all jurisdiction on our part, in cases like the present. The commission under which this prize was made, has been exhibited in court, as that treaty provides. It is unobjectionable; and the two grounds before mentioned have not, nor can be, taken. I have, therefore, no authority over the original question in this cause, and none over any of its consequences. As to the cases from Dougl. 582, 583, they do not apply here. I am clearly of opinion that this court has no jurisdiction in this instance; and I dismiss the libel with costs.